HANG AND ASSOCIATES, PLLC
Keli LIU (KL 9008)
136-20 38th Ave. Ste 10G
Flushing, NY 11355
Tel: (718) 353-8588
Fax: (718) 353-6288
*Attorneys for the Plaintiff, proposed FLSA Collective and*
*Potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------X

Haidong Li, *on behalf of himself and*
*others similarly situated*

                     Plaintiff,

          v.

TNC Construction Inc., SMJ Construction Tech LLC d/b/a/
SMJ Construction d/b/a SMJ Construction, LLC, Steve
Kang, Min Jung Park, Tian Nan Che, Lian Jun Chu and
"John" Jiang

                     Defendants,

---------------------------------------------------------------X

**Case No:**

**29 U.S.C. § 216(b) COLLECTIVE ACTION & F.R.C.P. 23  CLASS ACTION**

**COMPLAINT**

      Plaintiff Haidong Li (hereafter referred to as "Plaintiff"), on behalf of himself and other similarly situated, by and through his attorneys, Hang & Associates, PLLC, hereby brings this complaint against Defendants TNC Construction Inc., SMJ Construction Tech LLC d/b/a/ SMJ Construction d/b/a SMJ Construction, LLC (hereafter referred to as "SMJ Construction") , Steve Kang, Min Jung Park, Tian Nan Che, Lian Jun Chu and "John" Jiang (collectively as "Defendants") and alleges as follows:

## INTRODUCTION

1. This action is brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207; New Jersey Statutes §§ 34:11-56a4 et seq.;New Jersey Administrative Code §§ 12:56-3.1 et seq. and 12:56-6.1 et seq.; New York Labor Law ("NYLL") Article 19 §§ 633 and 652 and 12 NYCRR §142-2.2 and the Connecticut Minimum Wage Act ('CMWA),

Conn. Gen. Stat. § 3 1-68(a), 3 1-72. to recover unpaid wages owed to Plaintiff by Defendants and any other related or affiliated entities.

2. Defendants employed Plaintiff as a Construction worker for their various construction projects.

3. Defendants failed to accurately record all of the time that Plaintiff and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wage, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs;

5. Plaintiff further alleges pursuant to New Jersey State Wage and Hour Law ("NJWHL") that he is entitled to recover from the Defendants: (1) unpaid overtime wage, (2) prejudgment interest, (3) post-judgment interest, and (4) attorney's fees and costs.

6. Plaintiff further alleges pursuant to New York Labor Law §190  et seq. and Title 12 of New York Codes, Rules and Regulations Part 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid overtime wage, (2) compensation for failure to provide paystubs in violation of the NYLL, (3) unpaid "spread of hours" premium for each day he worked ten (10) or  more hours,  (4) liquidated damages equal to the sum of gratuities reduction pursuant to the NY Wage Theft Prevention Act; (5) liquidated/punitive damages for retaliation against Plaintiff (6) prejudgment and post judgment interest; and (7) attorney's fees and costs.

7. Plaintiff finally complains on behalf of himself and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are

entitled to: (1) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (2) liquidated damages, costs, interest and attorneys' fees pursuant to the Connecticut Minimum Wage Act ('CMWA"), Conn. Gen. Stat. § 3 1-68(a), 3 1-72.

## JURISDICTION

8.   Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §§ 202(a), 207 and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 for the claims brought under the New Jersey State Wage and Hour Law, the New York Labor Law and the Connecticut Minimum Wage Act.

9.   This Court has personal jurisdiction over Defendants because they engaged in business within the State of New Jersey.

10.  The statute of limitations under the FLSA for willful violations is three years. *See* 29 U.S.C. § 255(a).

11.  The statute of limitations under the New Jersey State Wage and Hour Law is two years. *See* New Jersey Statute § 34:11-56a25.1.

12.  The statute of limitations under the New York Labor Law is six years. *See* New York Labor Law § 198(3).

13.  The statute of limitations for claims brought pursuant to the Connecticut Wage and Hour Laws is two years. *See* C.G.S. § 52-596.

## VENUE

14.  Venue for bringing this action in the District of New Jersey under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the District of New Jersey.

**PLAINTIFF**

15. Plaintiff is an individual residing in the State of New York who performed labor for Defendants.

16. From on or around March 2017 to on or around November 2017, Plaintiff was employed by Defendants to work as a construction worker. Specifically, Plaintiff primarily worked as bricklayer for several of Defendants' construction and/or interior work projects in the state of New York, New Jersey and Connecticut. Plaintiff also did carpentry and plastering work.

**DEFENDANTS**

*Corporate Defendants*

17. Defendant TNC Construction Inc. is a domestic business corporation organized under the laws of the State of New Jersey with a principal business address at 460 Bergen Blvd. Suite 380 Palisades Park, NJ 07650. Defendant is engaged in the construction and/or home improvements service business and operates in the State of New York, New Jersey and Connecticut.

18. Upon information and belief, TNC Construction Inc. is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

19. Upon information and belief TNC Construction Inc. purchased and handled goods moved in interstate commerce.

20. Upon information and belief, Defendant SMJ Construction Tech LLC d/b/a/ SMJ Construction d/b/a SMJ Construction, LLC is a domestic business corporation incorporated under the laws of the State of New Jersey, and authorized to do business in

the State of New York, with its principal location at 460 Bergen Blvd. Suite 380 Palisades Park, NJ 07650.

21. SMJ Construction Tech LLC is a general contractor's firm that engages in the construction and construction management business. SMJ Construction Tech LLC offers a wide range of interior work and handles projects in the state of New York, New Jersey and Connecticut. *See* **Exhibit. V**. Webpage Printout.

22. Upon information and belief, SMJ Construction Tech LLC is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

23. Upon information and belief, SMJ Construction Tech LLC purchased and handled goods moved in interstate commerce.

*Owner/ Operator Defendants*

24. Upon information and belief, Defendants Steve Kang is/or at all relevant times were a founder, officer, director, president, principle, vice present, and/or owner of Defendant SMJ Construction.

25. Upon information and belief, Defendants Min Jung Park is/or at all relevant times were a founder, officer, director, president, principle, vice present, and/or owner of Defendant SMJ Construction.

26. Defendant Steve Kang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJWHL §34:11-4.1 and the regulations thereunder, N.J.A.C. 12:56 et seq.; NYLL §2 and the regulations thereunder and Conn. Gen. Stat. § 3 1-68(a), 3 1-72 and the regulations

thereunder; and is jointly and severally liable with SMJ Construction Tech LLC. and/or TNC Construction Inc.

27. Defendant Min Jung Park acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJWHL §34:11-4.1 and the regulations thereunder, N.J.A.C. 12:56 et seq.; NYLL §2 and the regulations thereunder and Conn. Gen. Stat. § 3 1-68(a), 3 1-72 and the regulations thereunder; and is jointly and severally liable with SMJ Construction Tech LLC. and/or TNC Construction Inc.

28. Upon information and belief, Steve Kang determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

29. Upon information and belief, Min Jung Park determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

30. Upon information and belief, Defendants Tian Nan Che is/or at all relevant times were a founder, officer, director, president, principle, vice present, and/or owner of Defendant TNC Construction Inc.

31. Upon information and belief, Tian Nan Che determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

32. Defendant Tian Nan Che acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJWHL §34:11-4.1 and the regulations thereunder, N.J.A.C. 12:56 et seq.; NYLL §2 and the regulations thereunder and Conn. Gen. Stat. § 3 1-68(a), 3 1-72 and the regulations thereunder; and is jointly and severally liable with SMJ Construction Tech LLC. and/or TNC Construction Inc.

33. Upon information and belief, Defendants Lian Jun Chu is/or at all relevant times were a superintendent, manager and/or officer of Defendant TNC Construction Inc. and/or SMJ Construction.

34. Upon information and belief, Lian Jun Chu determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

35. Defendant Lian Jun Chu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJWHL §34:11-4.1 and the regulations thereunder, N.J.A.C. 12:56 et seq.; NYLL §2 and the regulations thereunder and Conn. Gen. Stat. § 3 1-68(a), 3 1-72 and the regulations thereunder; and is jointly and severally liable with SMJ Construction Tech LLC. and/or TNC Construction Inc.

36. Upon information and belief, Defendants "John" Jiang is/or at all relevant times were a founder, officer, director, president, principle, vice present, and/or owner of Defendant TNC Construction Inc. and/or SMJ Construction.

37. Upon information and belief, "John" Jiang determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

38. Defendant "John" Jiang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJWHL §34:11-4.1 and the regulations thereunder, N.J.A.C. 12:56 et seq.; NYLL §2 and the regulations thereunder and Conn. Gen. Stat. § 3 1-68(a), 3 1-72 and the regulations thereunder; and is jointly and severally liable with SMJ Construction Tech LLC. and/or TNC Construction Inc.

39. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## CORPORATE DEFENDANTS CONSTITUTE A SINGLE EMPLOYER OR JOINT EMPLOYERS

40. At all or part of the relevant times herein, TNC Construction Inc. and SMJ Construction were, and continue to be, a single employer or joint employers with a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common control, common business purposes and interrelated business goals.

41. TNC Construction Inc. and SMJ Construction together constitute an enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

42. TNC Construction Inc. and SMJ Construction purchase and handle goods moved in interstate commerce.

43. TNC Construction Inc. and SMJ Construction together or jointly operate construction and/or interior work projects in the state of New York, New Jersey and/or Connecticut.

44. Defendants TNC Construction Inc. and SMJ Construction share some or all of their employees, including Plaintiff, and send their employees to their work projects at different locations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings this action individually and on behalf of all other and former construction workers who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

46. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

47. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

48. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

49. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

50. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

51. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## <u>CLASS ACTION ALLEGATIONS</u>

**The New Jersey Class**

52. Plaintiff brings his NJWHL claims pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt construction/interior workers employed by Defendants on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "NJ Class Period").

53. All said persons, including Plaintiff, are referred to herein as the "New Jersey Class.."

54. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

55. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

56. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL;

    b. Whether Plaintiff and Class members are paid at least the minimum wage for each hour worked under the NJWHL;

    c. Whether Plaintiff and Class members are entitled to and paid overtime under the NJWHL;

    d. Whether Defendants maintained policy, pattern and/or practice of failing to provide requisite statutory meal periods;

    e. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or or timely thereafter;

    f. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

*Typicality*

57.  Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation.

Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

58. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent representing Plaintiff in both class action and wage and hour employment litigation cases.

*Superiority*

59. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis,

the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

60. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**The New York Class**

61. Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt construction/interior workers employed by

14

Defendants at their construction/interior work locations in New York on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "New York Class Period").

62. All said persons, including Plaintiff, are referred to herein as the "New York Class." The New York Class members are readily ascertainable. The number and identity of the New York Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each New York Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

63. The proposed New York Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

64. Plaintiff's claims are typical of those claims which could be alleged by any member of the New York Class, and the relief sought is typical of the relief that would be sought by each member of the New York Class in separate actions. All the New York Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay their employees the proper overtime compensations. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each New York Class member. Plaintiff

and other New York Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

65. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.  Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage and hour employment litigation cases.

66. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual New York Class members lack the financial resources to vigorously prosecute corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual New York Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual New York Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the New York Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the New York Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class

members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

67. Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.   Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

68. There are questions of law and fact common to the New York Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the New York Class within the meaning of the New York law;

b. Whether Defendants maintained a policy, pattern and/or practice of gratuity violations to Plaintiff and the Rule 23 Class according to NYLL;

c. Whether the Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by the NYLL;

d. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the New York Class members for their work.

**Connecticut Class**

69. Plaintiff brings his Connecticut Labor Law claims on behalf of all persons who are or were

formerly employed by Defendants as non-exempt construction/interior workers on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "CT Class Period"). All said persons, including Plaintiff, are referred to herein as the "Connecticut Class."

70. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of ten (40) members of the Class during the Class Period.

71. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy-- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

72. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

73.  Plaintiff has committed himself to pursuing this action and they have retained competent counsel experienced in employment law and class action litigation.

74. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

75. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited

to:

a. whether the Defendants employed the Class Members within the meaning of the Connecticut Labor Law;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the members of the Class;

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendants failed to pay the Class wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of Conn. Gen. Stat. § § 31-68(a), 3 1-72;

e. whether Defendants' violations of Conn. Gen. Stat. §sS 31-68(a), 31-72 are willful;

f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

g. whether Defendants should be enjoined from such violations of Conn. Gen. Stat. § § 31-68(a), 31-72 in the future; and

h. whether Defendants failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules as required by Conn. Gen. Stat. § 31-71f.

## **STATEMENT OF FACTS**

76. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully owed wage, at least the minimum wage for all hours worked and lawfully

overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

77. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

78. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

79. From on or around March 2017 to on or around November 2017, Plaintiff was employed by Defendants to work primarily as a bricklayer for several of their construction and/or interior work projects in the state of New York, New Jersey and Connecticut. Plaintiff also did carpentry and plastering work.

80. From on or around March 2017 to on or around May 2017, Plaintiff worked for two of Defendants' CITYMED hospital construction/interior work projects. Specifically, for the months of March and April, Plaintiff worked at the CITYMED site located at 499 Route 17 South, Paramus, NJ 07652; In May, Plaintiff worked at the CITYMED site located at 32 Journal Square Plaza, Jersey City, NJ 07306.

81. From on or around May 2017 to on or around September 2017, Plaintiff worked for several of Defendants' restaurant construction/interior work projects. Specifically, in May and June of 2017, Plaintiff worked for one restaurant project at 119 E.23rd St. (Btw Park& Lexington) New York, NY 10010. In July, Plaintiff worked for three restaurant projects, one at 1407 Broadway New York, NY (the " Wichcraft Burger"), one at 325 Park Ave S, New York, NY 10010 ( the "Cava Restaurant") and another Cava Restaurant located at 30 Montgomery Street Jersey City, NJ 07302.  For the months of August, September and October, Plaintiff worked for one Cava Restaurant project at 50 Spring Street, New York, NY and another one in Connecticut at 129 West Putnam Avenue Greenwich, CT 06830.

In October, Plaintiff also worked for a CITYMED project in New Jersey at 295 Franklin Turnpike，Ramsey  NJ 07446, and this project ended in November 2017.

82. Due to the nature of the work, Plaintiff sometimes would be working for more than one work projects in the same month, he would be working at one job site at one time and then be requested to work at another job site thereafter.

83. Defendants provided transportation for Plaintiff to and from work for work projects in Connecticut and New Jersey. In specific, Defendants' vehicle would pick Plaintiff up in Flushing in the morning and then drive him and other workers to work sites in New Jersey or Connecticut.

84. Regardless of the location of the work projects the Plaintiff worked for, he generally worked a minimum of six days a week, sometimes seven days. His daily work schedule generally ran from around 7:00 am to 4: 00 pm with a half-hour meal break. Plaintiff therefore worked at least fifty-one (51) hours a week. Plaintiff frequently would work additional hours beyond his general work schedule which put his weekly work hours over 60 hours a week.

85. Defendants maintained a basic attendance record for their workers. This attendance record, however, does not record the start and end time of a particular work day or the start of end time of Plaintiff's meal break. For each work day, if Plaintiff worked beyond his normal work schedule, the superintendent at the worksite would mark, on the attendance sheet, the number of additional hours Plaintiff worked that day by estimation and calculate that into the totally number of hours is to be paid for that particular week.

86. At the time of his hiring, Plaintiff was told that he would be paid at $160 per day. In practice, Defendants calculated Plaintiff's regular hour rate by dividing $160 by 9/hrs and paid

Plaintiff at this regular rate for all hours he worked, including the hours over 40. *See* **Exhibit III**: Sample pay records.

87. Starting from October 20, 2017, Plaintiff was paid $10 additional per day as his meal allowance.

88. In spite of being promised to be paid every week, Defendants was often late on paying Plaintiff his wages.

89. Defendants failed to pay Plaintiff any wages for the work he did for the period from September 11, 2017 to November 19, 2017. The totally amount owed for this period is $12,652. (Exhibit **IV**: Unpaid wages record). Defendants issued a check for such amount to the Plaintiff but due to the cursive handwriting on the check, Plaintiff was not able to deposit the check. Plaintiff personally returned the check to Defendants and requested Defendants to issue a new check. The Defendants failed to issue a new check or otherwise pay Plaintiff the $12,652 owed.

90. Plaintiff was not required to punch time cards or otherwise to track his work hours.

91. Plaintiff was not given any wage statements for each of his wage payments.

92. Plaintiff was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

### STATEMENT OF CLAIMS
### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of the Plaintiff only]
*For work period from September 11, 2017 to November 19, 2017*

93. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

95. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

96. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

97. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

*98.* Defendants failed to pay at least the relevant statutory minimum wage to Plaintiff for all of the hours he worked for the period from September 11, 2017 to November 19, 2017.

99. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

100. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff for the hours he worked at the statutory minimum wage from September 11, 2017 to November 19, 2017 when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

**COUNT II.**
**[Violations of the Fair Labor Standards Act—**
**Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

101. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

102.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

103.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

104.    Defendants' failure to pay Plaintiff and the FLSA Collective their proper overtime pay violated the FLSA.

105.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay proper overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

106.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

107.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

108.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the

statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT III.
### [Violation of New Jersey Labor Law— Overtime Pay Brought on behalf of Plaintiff and the New Jersey Class]

109.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

110.     At all relevant times, Defendants had a policy and practice of refusing to pay the proper overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class are entitled to.

111.     Defendants' failure to pay Plaintiff was not in good faith.

112.     By failing to pay Plaintiff and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq*

## COUNT IV.

### [Violation of New York Labor Law—Overtime Pay Brought on behalf of Plaintiff and the New York Class]

113.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

114.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

25

115.     Defendants' failure to pay Plaintiff and the New York Class their overtime pay violated the NYLL.

116.     Defendants' failure to pay Plaintiff and the New York Class was not in good faith.

## COUNT IV

### [Violation of Connecticut Wage and Hour Law —Brought on behalf of Plaintiff and the CT Class]

117.     Plaintiff on behalf of himself and all other members of the Class repeats and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

118.     Defendants willfully violated Plaintiff's rights by failing to pay him the proper overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of Conn. Gen. Stat. §§31-60, 31-76C.

119.     Defendants willfully failed to distribute records of hours worked, earnings and overtime to the workers, in violation of Conn. Gen. Stat. § 31-13a.

120.     As a result of these violations, Plaintiff suffered damages.

121.     Defendants are jointly and severally liable to Plaintiff for violations of his rights under state law.

122.     Due to the Defendants' CMWA violations, Plaintiff is entitled to recover from Defendants twice amount of his unpaid wages, unpaid minimum wages and unpaid overtime compensation, interests, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to Conn. Gen. Stat. §§ 31-68(a), 31-76.

## COUNT V.

### [Violation of New York Labor Law—Spread of Time Pay Brought on behalf of Plaintiff and the New York Class]

123.    Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

124.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

125.    Plaintiff and the Class member frequently worked work shifts that exceed ten hours a day but did not receive spread-of-hours pay they entitled to under the law.

126.    Defendants' failure to pay Plaintiff and New York Class spread-of-hours pay was not in good faith.

## COUNT VI.

### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on Behalf of Plaintiff and New York Class]'

127.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

128.    At all times relevant to this action, Plaintiff was employed by some or all of the Defendants within the meaning of NYLL §§ 2 and 651.

129.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

130.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff's payday.

131.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to
recover from Defendants, jointly and severally, $250 for each workday of the violation, up
to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York
Labor Law N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs and Rule
23 Classes, respectfully requests that this Court enter a judgment providing the following relief:

a)     Authorizing Plaintiff at the earliest possible time to give notice of this collective action,
or that the Court issue such notice, to all persons who are presently, or have up through
the extent allowable under the statute of limitations and including the date of issuance
of court-supervised notice, been employed by Defendants as non-exempt employees.
Such notice shall inform them that the civil notice has been filed, of the nature of the
action, of their right to join this lawsuit if they believe they were denied premium
overtime wages;

b)     Certification of this case as a collective action pursuant to FLSA;

c)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of
the FLSA opt-in class, apprising them of the pendency of this action, and permitting
them to assert timely FLSA claims and state claims in this action by filing individual
Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his
counsel to represent the Collective Action Members;

d)     A declaratory judgment that the practices complained of herein are unlawful under
FLSA, NYLL, NJWHL and CMWA;

28

e)   An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)   An award of unpaid minimum wage and overtime wages due under FLSA, NYLL, NJWHL and CMWA plus compensatory and liquidated damages;

g)   An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)   The cost and disbursements of this action;

i)   An award of prejudgment and post-judgment fees; and

j)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
January 19, 2018

Respectfully Submitted,

HANG & ASSOCIATES, PLLC
*Attorneys for Plaintiff, Proposed FLSA*
*Collective and Potential Rule 23 Classes*

/s/   Keli Liu
Keli Liu (#KL 9008)
136-18 39th Ave. Suite 1003
Flushing, NY 11355
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: kliu@hanglaw.com

29

# EXHIBIT I

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by TNC Construction Inc., SMJ Construction Tech LLC, Steve Kang, Min Jung Park, Tian Nan Che, Lian Jun Chu and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

HAIDONG LI
Full Legal Name (Print)

Signature

1/18/2018
Date

31

# EXHIBIT II

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED


TO:     Steve Kang


PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Haidong Li and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of  TNC Construction Inc. and/or SMJ Construction Tech LLC for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


Dated: January 19, 2018

33

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**


TO:     Min Jung Park


PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Haidong Li and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of  TNC Construction Inc. and/or SMJ Construction Tech LLC for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


Dated: January 19, 2018

34

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED


TO:     Tian Nan Che


PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Haidong Li and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of  TNC Construction Inc. and/or SMJ Construction Tech LLC for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


Dated: January 19, 2018

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED


TO:     "John" Jiang


PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Haidong Li and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of  TNC Construction Inc. and/or SMJ Construction Tech LLC for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


Dated: January 19, 2018